DELANNOY, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 372.—Decided July 5, 1918.

RECORD OF TITLE—NOTARIAL LAW.—According to the Notarial Law every copy of a notarial instrument must state that the original was signed and sealed by the notary before whom it was executed.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellants.

The respondent appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

A notarial copy of a deed of purchase and sale executed on November 5, 1913, by Constantino Recio and his wife to María Delannoy having been presented for record in the Registry of Property of Guayama, the registrar refused to admit it to record on May 24, 1918, for the reasons stated in the following decision:

"Admission to record of the foregoing instrument is denied as to property 'A,' which is the only property sought to be recorded, because the said instrument, which is a copy of the original deed, does not state that the said deed was signed, sealed and marked by the notary before whom it was executed, which formality is necessary to establish its validity. The curable defects are pointed out of failure to present the power referred to in its entirety in order to determine whether the only clause inserted was not altered, explained by or connected with any other clause thereof, and also of failure to state the area of the lot."

The vendee appealed from that decision to this court, simply contesting the refusal to record without alleging any specific ground against the curable defects assigned by the registrar.

It appears from the copy that the parties and witnesses signed the original deed, the last signature being that of Miguel Zavaleta, who, from what appears at the beginning of the document, was the notary before whom the deed was executed. It is not stated whether the notary signed and sealed the deed as required by section 9 of the Notarial Act in force (Comp. 1911, sec. 1987), and according to clause 3, sec. 20, of the same act, compliance with these formalities must appear in order that the instrument may be deemed valid.

This being the case, the registrar committed no error and his decision must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.